1
2
3
4

JOHN GIUST (SBN 196337)
  E-Mail: JohnGiust@WHGCLaw.com
1301 Dove Street, Suite 1050
Newport Beach CA 92661
Telephone: 619-993-1656

5
6
7

MAX CICCARELLI (*Pro Hac Vice*)
  E-Mail: Max.Ciccarelli@tklaw.com
JUSTIN S. COHEN (*Pro Hac Vice*)
  E-Email: Justin.Cohen@tklaw.com

8
9
10
11

THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
Telephone:  214-969-1700

12
13

Attorneys for Defendant
SOUTHWEST AIRLINES CO.

14

15      **UNITED STATES DISTRICT COURT**

16      **SOUTHERN DISTRICT OF CALIFORNIA**

17

18
19

DEEP SKY SOFTWARE, INC., a
California Corporation,

20                  Plaintiff,

21          vs.

22

23
24

SOUTHWEST AIRLINES CO., a
Delaware Corporation,

25                  Defendant.

26
27
28

Case No. 10-CV-01234-CAB (KSC)

**Southwest's Reply In Support of Its Application for Reasonable and Necessary Fees Pursuant to the Court's June 1, 2015 Order [Doc. No. 49]**

Deep Sky's Amended Objections [Doc. No. 55] to Southwest's Application for Fees [Doc. Nos. 51 and 53] includes three primary arguments:

1) the Court is not legally permitted to award fees under 35 U.S.C. § 285 for handling proceedings before the Patent Office, including the reexamination of the only patent-in-suit, the '770 Patent [Doc. No. 55 at 2-4];

2) the Court should not award Southwest the fees it spent defending itself in this litigation because "inequitable conduct was never litigated in this court" [Doc. No. 55 at 5]; and

3) Southwest's fees for handling the exceptional case motion and request for attorneys' fees were not reasonable [Doc. No. 55 at 5].

None of these arguments has any merit. Further, Deep Sky has failed to provide the Court with any evidence or support for its argument that Southwest's fees were unreasonable. Accordingly, the Court should award Southwest **$387,182.91** as an award of attorney's fees under Section 285, under the Court's inherent authority, and as taxable costs, as detailed in Southwest's Application for Fees [Doc. Nos. 51 and 53].

# I.   <u>Deep Sky does not dispute or object to a number of issues.</u>

## A.  No dispute regarding the reasonableness of Southwest's requested fees.

An application for attorney's fees must be evaluated for reasonableness compared to the "lodestar," which the Supreme Court holds as the "guiding light of [its] fee-shifting jurisprudence." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). "The fees awardable must be reasonable in amount, both in terms of the rate and the number of hours spent." *See Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). Deep Sky does not dispute that, under a "lodestar" analysis, Southwest's requested fee award is reasonable. Deep Sky does not dispute that the hourly rates charged by Southwest's lawyers were reasonable, nor does Deep Sky dispute that the amount of time spent on the matter is reasonable (except for the

fees for the exceptional case motion and attorneys' fees submission, discussed below). Deep Sky also does not dispute that the fees incurred for handling the reexamination of the '770 Patent were reasonable. Further, Deep Sky does not dispute the fact that Southwest's fees and costs incurred defending itself from this case were reasonable as compared to data from AIPLA's Economic Survey.

### B.    No dispute regarding Southwest's request for costs.

Deep Sky does not dispute that the Court can award non-taxable costs under Section 285, nor does Deep Sky object to Southwest's request for **$23,082.48** in non-taxable costs under Section 285. Lastly, Deep Sky does not object to Southwest's request for **$4,367.26** in taxable costs under 28 U.S.C. § 1920.

### C.    No dispute that the Court may award attorneys' fees under its inherent authority.

A court may also award fees to a successful party under its inherent equitable power. *See Hall v. Cole*, 412 U.S. 1, 15 (1973). Deep Sky does not dispute that, in addition to Section 285, the Court may award fees under the Court's inherent authority.

### D.    No dispute that Southwest is entitled to a fee award of at least $205,784.38.

Deep Sky does not dispute that Southwest is entitled to a fee award of at least $205,784.38. Under Deep Sky's analysis, that fee award is for the litigation alone, and excludes fees associated with the reexam for the '770 Patent (the only patent-in-suit). Thus, the dispute between the Parties regarding Southwest's Application for Fees is about whether Southwest is entitled to an additional $181,398.53 in fees associated with the reexam for the '770 Patent and fees for handling the exceptional case motion and submission of attorneys' fees. As detailed below, Southwest is entitled to the full amount requested in its Application for Fees [Doc. Nos. 51 and 53], namely **$387,182.91.**

## II.   The Court is legally permitted to award fees for the reexamination under Section 285.

Deep Sky's primary argument is that the Court is not legally permitted to award attorneys' fees under Section 285 for proceedings before the Patent Office. Deep Sky stated that "there is no authority, either via statute or case law, that would allow Southwest to recover attorney's fees for the '770 Patent-in-Suit reexamination proceeding." [Doc. No. 55 at 3]. Attached as Exhibit A are three cases where courts have awarded attorneys' fees under Section 285 for proceedings before the Patent Office.

The first is *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1567 (Fed. Cir. 1988). During litigation, defendant Celanese uncovered a prior art reference that invalidated the patents-in-suit. Celanese also discovered that the plaintiff, PPG, knew about this reference but did not disclose it to the PTO during the original prosecution of the patents. *See PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1566 (Fed. Cir. 1988). The parties engaged in adversarial reissue application proceedings in the PTO, which was allowed at the time (before the PTO created *inter partes* reexaminations in 1999). *Id.* at 1567. The district court stayed the litigation pending the outcome of these PTO proceedings. The PTO invalidated the claims at issue based on the plaintiff PPG's inequitable conduct. *Id.* at 1566.

After the PTO proceedings concluded, the district court awarded defendant Celanese attorneys' fees under Section 285, but declined to award any fees for Celanese's participation in the PTO proceedings. *Id.* at 1568. On appeal, the Federal Circuit reversed, holding that Celanese was entitled to attorneys' fees for the PTO proceedings: "The parties and the district court clearly intended to replace the district court litigation with the reissue proceedings," and defendant Celanese "perform[ed] in the PTO precisely the same type of work Celanese would have performed had the case proceeded to trial." *Id.* The Federal Circuit held that defendant "Celanese is

1   entitled to reasonable attorney fees based upon the premise that the reissue

2   proceedings substituted for the district court litigation on all issues considered by the

3   PTO and the Board." *Id*. at 1569.

4        This case is no different. Here, Deep Sky and Southwest agreed to litigate the

5   invalidity of the '770 Patent before the PTO. In fact, in moving to stay the litigation

6   pending the reexam proceeding, Deep Sky agreed that "the reexamination has the

7   potential to greatly simplify and reduce the issues that the Court will have to decide"

8   and that "if the USPTO determines that any claims are invalid, the stay would avoid

9   this Court from having to expend any judicial resources on this case." [Doc. No. 26 at

10   2, Joint Stipulation and Motion to Stay]. And because the PTO invalidated all of the

11   asserted claims of the '770 Patent, the Parties were not required to litigate

12   infringement or invalidity before the Court. Like *PPG v. Celanese,* Deep Sky and

13   Southwest litigated the issue of invalidity before the PTO. And like defendant

14   Celanese, Southwest is entitled to its attorneys' fees for handling the PTO

15   proceeding—namely the reexam of the '770 Patent. Notably, Southwest would have

16   been required to perform the same work in litigation as it did before the PTO, namely

17   demonstrating that the '770 Patent is invalid based on the prior art and that Dr.

18   Gorman committed inequitable conduct during the original prosecution by failing to

19   disclose the VS FlexGrid program.

20        In a more recent case, the District of Maryland in 2012 awarded attorneys' fees

21   to a party for time spent handling a reexamination. In *IA Labs CA, LLC v. Nintendo*

22   *Co.*, No. CIV. PJM 10-833, 2012 WL 1565296 (D. Md. May 1, 2012) aff'd, 515 F.

23   App'x 892 (Fed. Cir. 2013), the court found that the case was exceptional and then

24   turned to the award of attorney fees under Section 285 for defendant Nintendo. As

25   part of its fee request, Nintendo asked for "fees incurred as a result of filing a petition

26   for reexamination before the PTO." *IA Labs CA, LLC v. Nintendo Co.*, 2012 WL

27   1565296, at *4. Plaintiff IA Labs objected to Nintendo's requested attorneys' fees by

28   arguing that the court "should not award fees For [sic] this non-mandatory, non-

1  judicial proceeding." *Id.* Over those objections, the court awarded Nintendo attorneys

2  fees under Section 285, which included those hours billed for handling the reexam.[1]

3      In *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193 (E.D. Pa. 1990), a

4  district court awarded fees related to a reexam under Section 285. In addressing a

5  number of objections regarding fees for different law firms, the court examined the

6  requested fees and determined fees from one law firm "relate[d] specifically to the

7  reexamination proceedings," and that such fees "were reasonably necessary to this

8  litigation, especially considering how important the two reexamination proceedings

9  were to this litigation." *Id.* at 1198.

10     In contrast, Deep Sky cites the case of *Ohio Willow Wood Co. v. Alps S., LLC*,

11  No. 2:04-CV-1223, 2014 WL 4775374 (S.D. Ohio Sept. 24, 2014) for the proposition

12  that the Court is not legally permitted to award fees for handling proceedings before

13  the PTO. "Under the law as shown in cases such as *Ohio Willow Wood*, attorney's

14  fees may be awarded only for fees incurred during the actual litigation in federal

15  court, and not for USPTO administrative proceedings." [Doc. No. 55 at 3]. But the

16  court in *Ohio Willow Wood* did not even address this particular issue because the

17  court did not address the amount of the fee award. The court only addressed whether

18  the case was exceptional.

19     The *Ohio Willow Wood* court held that defendant "Alps is entitled to judgment

20  in its favor on its claim that [plaintiff Ohio Willow Wood] engaged in inequitable

21  conduct during the second reexamination proceedings," and that "Alps is entitled to

22  its attorneys' fees incurred [after the conclusion of the second reexam]." *Ohio Willow

23  Wood*, 2014 WL 4775374, at *47. The court did not discuss whether defendant Alps

24  could recover attorneys' fees for filing the petition for *ex parte* reexam under Section

---

[1] The court reduced the total amount requested by Nintendo by recalculating the attorneys' fees by using the guidelines for hourly rates set forth in the local rules for the District of Maryland, but the court did not eliminate the hours spent handling the reexam.

285 because Alps had not yet submitted its application for attorneys' fees. The *Ohio Willow Wood* court simply held that the plaintiff committed inequitable conduct during the second reexam, and that defendant Alps is entitled to its fees after the conclusion of the second reexam (i.e., after the inequitable conduct occurred).

This case says nothing at all about whether a party can or cannot recover fees for PTO proceedings, and thus does not support Deep Sky's position that the Court is not legally permitted to award attorneys' fees for PTO proceedings under Section 285. *Ohio Willow Wood* did find that the defendant was entitled to attorneys' fees under Section 285 for all activities that occurred after the plaintiff committed inequitable conduct. Southwest submits that the Court should apply the same principle as in *Ohio Willow Wood* by awarding Southwest its requested fees for this litigation and the reexam of the '770 Patent since all of these activities were performed after Deep Sky committed inequitable conduct in connection with the original prosecution of the '770 Patent.

The Court has discretion to award attorneys' fees for handling proceedings before the PTO. Deep Sky's reliance on *Ohio Willow Wood* is misplaced. Southwest submits that because the Parties agreed to litigate the invalidity of the '770 Patent before the PTO in an *inter partes* reexam (which saved the Parties and the Court valuable time and resources), the Court should award Southwest its fees for handling the reexam of the '770 Patent. To be clear, Southwest has not requested an award of fees in connection with the '047 Patent (the related patent not asserted in the lawsuit). Southwest has only requested fees and costs in connection with the litigation and the reexamination of the '770 Patent (the patent-in-suit).

## III.   The Court should ignore Deep Sky's attempt to relitigate the exceptional case finding.

Deep Sky argues that the Court should not award Southwest its requested fees because the inequitable conduct issue was not fully litigated. [Doc. No. 55 at 5]. But this is a separate issue that has already been decided. The Court declared this an

1  exceptional case, and Deep Sky's attempt to argue that the Court was wrong is not a

2  proper basis to reduce an award of attorneys' fees. Further, Deep Sky is incorrect that

3  it did not have an opportunity to address these issues. Deep Sky's conduct involving

4  the VS FlexGrid program were addressed during the '770 reexam before the PTO and

5  before this Court on the exceptional case motion. Deep Sky had every opportunity to

6  address these issues and present evidence in its favor.

7          The Court found that this is an exceptional case because Dr. Gorman claimed

8  the features of VS FlexGrid as his own invention, and then withheld information

9  about the program from the PTO during the initial prosecution of the application

10 leading to the '770 Patent. [Dkt. No. 49, Order Finding this an Exceptional Case, 6-

11 7]. The Court found that Dr. Gorman's "decision to withhold disclosure of this

12 software program during the initial prosecution of the patent, and to affirmatively

13 represent that commercially available programs did not have the claimed capability of

14 the invention, was deceptive. A finding of exceptional case is justified in these

15 circumstances." *Id*. The Court also held that Deep Sky's "failure to identify [the VS

16 FlexGrid program] and produce it [pursuant to Local Patent Rule 3.2.b] violated the

17 good faith requirements of the local patent rule" and also supported finding this an

18 exceptional case. *Id*. at 7.

19         Dr. Gorman is not only the sole inventor of the '770 Patent, but also a principal

20 of Deep Sky. Therefore Deep Sky has presumably always had full access to all

21 relevant information and discovery on this issue. No additional amount of discovery

22 would change these facts. If Dr. Gorman had evidence demonstrating a lack of

23 deceptive intent, he had several opportunities to present that evidence to the PTO and

24 to this Court. Further, Deep Sky had the opportunity to appeal the PTO's findings on

25 these issues, but declined to do so. Deep Sky also has the opportunity to appeal this

26 Court's rulings and be heard on this issue once more. Contrary to Deep Sky's

27 argument, Deep Sky had several opportunities to be heard on these issues and failed

28

1    to present evidence that would alter the PTO's and the Court's analysis. The Court

2    should not adjust its fee award based on an issue that has already been decided.

3    ## IV.    The Court should ignore Deep Sky's requested adjustments.

4         Deep Sky provides a listing of requested adjustments totaling over $220,000 on

5    pages 6-8 of its Response. [Doc. No. 55 at 6-8]. These adjustments are listed as

6    eliminating or greatly reducing entire invoices. Deep Sky's primary argument for

7    these adjustments is that the Court cannot award fees for PTO proceedings. As

8    discussed above, the Court may award fees for handling PTO proceedings, including

9    the reexam of the '770 Patent.

10        Deep Sky admits that the Court can award fees for litigation activities. Yet

11   Deep Sky does not attempt to just exclude time spent handling PTO proceedings.

12   Instead, Deep Sky subtracts the total amount of any invoice (or a substantial

13   percentage of the total invoice) that includes any time spent handling reexam

14   activities—without regard to the fact that the invoice also has time for handling the

15   litigation. This is simply improper. For example, Deep Sky asks the Court to deduct

16   100% of the invoice dated on 5/9/2011. [Doc. No. 55 at 6]. But a cursory review of

17   that invoice shows many time entries spent preparing Southwest's invalidity

18   contentions and reviewing Deep Sky's document productions. Deep Sky also asks the

19   Court to subtract 75% of the invoice dated 6/6/2011 without any explanation. Yet this

20   invoice also has many litigation time entries related to preparing Southwest's

21   invalidity contentions. These two invoices are attached as Exhibit B for the Court's

22   convenience with highlighting to show the litigation activities.

23        By contrast, Southwest performed a detailed analysis on over 4.5 years of

24   individual time entries to calculate its requested fee, and specifically to exclude time

25   spent handling the reexam of the '047 Patent.  Southwest presented the results of the

26   analysis in its Application for Fees [Doc. No. 51]. If Deep Sky had objections, Deep

27   Sky should have pointed to specific time entries (or category of time entries), not

28

whole invoices. Accordingly, Deep Sky's wholesale deduction of entire invoices without any detailed explanation should be ignored.

## V.   Deep Sky fails to explain why fees spent handling the exceptional case and attorneys' fees motions were unreasonable.

Deep Sky argues that the fees spent handling the exceptional case and attorneys' fees motions are excessive and should be cut in half. [Doc. No. 55 at 5]. However, Deep Sky offers no basis or evidence to support its argument, such as any comparable attorneys' fees awards for handling these types of motions. Further, Deep Sky does not object to the hourly rates charged for handling these matters, or to any specific time entries associated with the motions. Deep Sky also does not object to the amount of time Southwest spent preparing the motion and attorney fee application. Without question the motion and fee application were important and relatively complex documents. The exceptional case motion dealt with a long factual history involving this litigation and the reexam of the '770 Patent. Following the Court's granting of the exceptional case motion, Southwest diligently prepared its fee request by summarizing over 4.5 years of bills and excluding or discounting specific time entries for handling the '047 Patent reexam. Southwest also submitted the declarations of Max Ciccarelli and John Giust, both experienced patent litigators, testifying to the reasonableness of the fees, and included data from AIPLA's Economic Survey for comparison purposes. Deep Sky did not submit any contradictory evidence or testimony. Deep Sky simply presents attorney argument that the fees for these activities should be cut in half.

Southwest submits that the time it spent preparing the motions and submissions was in fact reasonable and necessary. For example, it was necessary and time consuming to analyze each time entry for 4.5 years of invoices to ensure that Southwest's fee request was limited to time spent on the litigation and the reexamination of the '770 Patent, and excluded time spent handling the reexam for the '047 Patent.

A similar objection was raised in *the Howes v. Med. Components* case discussed above. In 1990 in a request for attorneys' fees under Section 285, the "plaintiffs request[ed] $45,536.00 for preparing the fee petition." *Howes*, 761 F. Supp. 1193, 1200. Like Deep Sky here, "Defendants summarily contend[ed] that plaintiffs' requested fees for preparation of their fee petition is unreasonable on its face and request this court to reduce the amount by 70%—a 50% reduction for a rate adjustment and a 20% reduction for duplications of efforts." *Id*. And like Deep Sky, the "defendants [did] not point to any record evidence to support their argument that the time spent in preparation of the fee petition was excessive." *Id*. Accordingly, the *Howes* court "conclude[d] that the time spent preparing the fee petition was reasonable and not excessive." *Id*.

Deep Sky has not provided any comparison to demonstrate that Southwest's fees for the exceptional case motion and attorney fee application were unreasonable. On the other hand, Southwest provided considerable evidence–including declarations and the invoices showing the individual time entries–of the actual work that was done, the number of hours the work took, and the fact that the work was necessary in part to ensure that only relevant time entries were included in its request. Accordingly, Southwest asks the Court to award the total amount of fees requested.

## VI.   **Conclusion & Request for Final Judgment**

As set forth in Southwest's Application for Fees [Doc. Nos. 51 and 53], Southwest hereby requests **$387,182.91** as an award of attorney's fees under Section 285, under the Court's inherent authority, and as taxable costs. Southwest also requests that the Court enter final judgment in this matter.

DATED: August 10, 2015          Respectfully submitted,

THOMPSON & KNIGHT LLP

By: s/ *Justin S. Cohen*
Max Ciccarelli (*Pro Hac Vice*)
 E-Mail: Max.Ciccarelli@tklaw.com
Justin S. Cohen (*Pro Hac Vice*)
 E-Mail: Justin.Cohen@tklaw.com

AND

JOHN GIUST (SBN# 196337)
 E-Mail:  JohnGiust@WHGCLaw.com

Attorneys for Defendant
SOUTHWEST AIRLINES CO.


## CERTIFICATE OF SERVICE


    I hereby certify that on August 10, 2015, I electronically filed the foregoing
document with the Clerk of the Court using the CM/ECF System.


              s/ *Justin S. Cohen*
                Justin S. Cohen