# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEP SKY SOFTWARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWEST AIRLINES CO., <br><br> Defendant. | CASE NO. 10-cv-1234-CAB (KSC) <br><br> ORDER GRANTING DEFENDANT'S APPLICATION FOR FEES AND COSTS <br><br> [Doc. No. 49] |

This matter comes before the court on defendant Southwest Airlines Co.'s application for attorney fees and costs. [Doc. No. 50.] Plaintiff Deep Sky Software, Inc. responded in opposition, and defendant replied. [Doc. Nos. 55, 56.] For the following reasons, defendant's application is **GRANTED**.

## BACKGROUND

On June 9, 2010, plaintiff filed its complaint here against defendant for infringement of U.S. Patent No. 6,738,770 (the "'770 Patent"). [Doc. No.1.] In April 2011, defendant filed a request for *inter partes* reexamination of the '770 Patent in the United States Patent & Trademark Office ("PTO"). The parties then jointly moved to stay this case, stating that a stay "has the potential to greatly reduce issues central to the litigation" and could prevent the court "from having to expend any judicial resources on this case." [Doc. No. 26.] The court granted the parties' joint motion and stayed the case. [Doc. No. 28.]

|   |   |
|---|---|
| 1 | On January 9, 2015, the parties notified the court that reexamination had |
| 2 | concluded and that all asserted claims of the '770 Patent had been found invalid. The |
| 3 | court thus lifted the stay, and defendant filed a motion to find this an "exceptional |
| 4 | case," such that defendant would be entitled to attorney fees. 35 U.S.C. § 285. The |
| 5 | court granted defendant's motion, and defendant then filed its pending application for |
| 6 | fees. |

## DISCUSSION

In *Henlsey v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court provided the following guidance as to determination of a reasonable fee award:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S. Rep. No. 94–1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.* at 433-34.

Here, defendant requests fees of $359,733.17, non-taxable costs of $23,082.48, and taxable costs of $4,367.26, totaling $387,182.91. [Doc. No. 50.] In support of defendant's application, counsel attaches the invoices that defendant received and paid for services rendered between June 2010 and April 2015. [Doc. No. 53-1 at 10–138.] Defendant has paid all of the fees sought except for $10,323, which counsel had not yet billed when the fees application was filed. [Doc. No. 53-1 ¶ 16.]

Four attorneys billed to the case: Max Ciccarelli and Michael Heinlein, partners with about twenty year's and fourteen years' experience, respectively, and Justin Cohen

and Vishal Patel, associates with about 8 years' experience each. They bill at the following rates (depending on the invoice year):

| Attorney | Hourly Rate |
|---|---|
| Max Ciccarelli | $505 – $625.50 |
| Michael Heinlen | $405 – $535.50 |
| Justin Cohen | $345 – $481.50 |
| Visha Patel | $270 – $315 |

Plaintiff does *not* challenge these rates, and the court finds them reasonable. Instead, plaintiff contends defendant must deduct half of the expenses billed to defendant's fees motions and *all* expenses incurred during reexamination, reducing the final award to $205,784.38.

A.   Reasonableness of "Fees on Fees"

Plaintiff does not deny that the prevailing party in an exceptional patent case may recover reasonable fees incurred to obtain fees. *See*, *e.g.*, *Mathis v. Spears*, 857 F.2d 749, 756 (Fed. Cir. 1988). Instead, without any targeted argument, plaintiff complains that the amount defendant requests "seems tremendously excessive . . . ." [Doc. No. 55 at 5.]

Defendant seeks about $65,000 for expenses incurred related to its exceptional-case motion and its application for fees. [Doc. No. 53-1 at 4, ¶ 8 and at 125–138.] Given the complexity of the exceptional-case motion, which required summarization and analysis of the reexamination proceedings, as well as the volume of invoices reviewed for the fees application, the court finds that both the hours expended on defendant's fees motions and the resulting amount sought are reasonable.

B.   Fees for *Inter Partes* Reexamination

The issue of whether a prevailing party in an exceptional case may recover fees for proceedings before the PTO, when the case was stayed due to the PTO proceedings,

has received little attention. Several courts have awarded fees for PTO proceedings,[1] others have not.[2]

The Federal Circuit "interpret[s] attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services *related to the suit*." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (emphasis added). Here, the legal services counsel performed for defendant during reexamination of the '770 Patent were related to this suit. Reexamination was initiated during and in reaction to plaintiff's action here. Further, the PTO's cancellation of the asserted '770 Patent claims on grounds of invalidity disposed of plaintiff's complaint here and made defendant the prevailing party. Thus, just as the parties envisioned when they jointly moved to stay this case, the reexamination proceedings essentially substituted for work that would otherwise have been done before this court. *See PPG Indus., Inc.*, 840 F.2d at 1569 (the prevailing party was "entitled to reasonable attorney fees based upon the premise that the reissue proceedings substituted for the district court litigation on all issues considered by the PTO and the Board."). Thus, under the unique circumstances of this case, defendant may recover fees for the reexamination proceedings.

Plaintiff also complains that defendant wrongly seeks fees for reexamination of U.S. Patent No. 7,370,047 ("the '047 Patent"), which is purportedly related to the '770 Patent but was never asserted in this action. Defendant, in its application, states that it "is not requesting fees and costs associated with the reexamination of the '047 Patent,"

---

[1] *See IA Labs CA, LLC v. Nintendo Co.*, No. CIV. PJM 10-833, 2012 WL 1565296, at *4 (D. Md. May 1, 2012) aff'd, 515 F. App'x 892 (Fed. Cir. 2013) (awarding fees for work done during reexamination proceedings); *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193, 1198 (E.D. Pa. 1990) (reexamination proceedings); *Scott Paper Co. v. Moore Bus. Forms, Inc.*, 604 F. Supp. 835, 838 (D. Del. 1984) (awarding fees for reissue proceedings); *PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1568 (Fed. Cir. 1988) (reissue proceedings); *Hickory Farms, Inc. v. Snackmasters, Inc.*, No. 05 C 4541, 2008 WL 4542961, at *1 (N.D. Ill. Apr. 2, 2008) (awarding fees incurred in opposing an attempt to renew a lapsed trademark registration).

[2] *See, e.g.*, *Intellect Wireless, Inc. v. HTC Corp.*, No. 09 C 2945, 2015 WL 136142, at *9 (N.D. Ill. Jan. 8, 2015) ("To the extent the present fee petition contains time for work before the USPTO, such time should not be included in the fee award.")

and defendant attaches a chart detailing the time it deducted related to the reexamination of the '047 Patent. [Doc. No. 50 at 4; Doc. No. 53-1 at 139.] Plaintiff complains that "there are numerous time entries that include work related solely to the '047 Patent[] and for work related to both the '047 Patent and the '770 Patent-in-Suit," [Doc. No. 55 at 5], but plaintiff does not reference or challenge a specific entry. Without direction from plaintiff, the court does not find any time entries that must be excluded because they are not related to this litigation.

## CONCLUSION

Plaintiff's case is dismissed with prejudice, and defendant, as the prevailing party, is awarded $387,182.91 in attorney fees, taxable costs, and non-taxable costs. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

DATED:  August 19, 2015

_____
**CATHY ANN BENCIVENGO**
United States District Judge